Shauck, C. J.
It cannot be claimed upon the evidence that the Storage Company was accustomed to insure goods left in its care, nor that Smith had express authority to make the particular contract set out in the petition or like contracts for insurance with others who deposited their goods with the Storage Company. Nor can it be said that such authority was implied in the sense that the making of the contract to insure was indispensable to the execution of his authority to receive goods for the Company on bailment. Nor should there be any dissent from the legal proposition which counsel for the Company advances in support of the criticisms of the rulings of the trial judge as to the competency of evidence and his instructions to the jury, viz., that the authority of an agent cannot be proved by his own declarations. But the question by which the liability of the Storage, Company must be determined is, was it within Smith’s apparent authority to make the contract counted upon in the petition? It does not seem important that Smith was not in fact the Company’s manager, for he appeared in that capacity at the time of this transaction when the manager was absent, and it is clear that in the absence of the manager he was authorized to act in his stead in the reception of goods for storage. His authority would not have been greater if he had regularly occupied the position of manager for the Company. Counsel for the Company insist that in determining whether Smith *293 had such apparent authority to make the contract for insurance that Cox might rely upon it, it is the conduct of the Company that is to be considered. The soundness of this proposition should be conceded for it is supported by the decided cases and by the reasons involved. The Company fixed the character of its business and employed Smith in the capacity in which he was presented to those who appeared in response to its invitation to the public to store goods with it for hire. It was not an employment of a transient character or to represent it in the conduct of an isolated transaction, but in the general conduct of a business of established and defined character and scope. In the relation into which the parties were brought by the regular and usual conduct of that business the bailee, though not authorized to issue policies of insurance, was authorized to secure insurance upon goods stored with it even without the express assent of the bailor and to effect such insurance for the benefit of both parties to the contract of bailment. If insurance is effected by the bailee apparently for his own exclusive benefit he will nevertheless by legal construction be held to be a trustee for the bailor as to the surplus. The frequency with which this authority is exercised by bailees of the character of plaintiff in error is suggested by the reported cases. A number of them are cited in the briefs submitted in the present case and they are in entire accord with respect to the doctrine stated. It is to the relation into which the parties were thus brought by the express and confessedly authorized contract of bailment in connection with the facts found in the statement of the case that we are to apply the rules of law respecting the apparent authority of an agent. A correct *294 .statement of the matured view of that subject will show that it does not have exclusive regard to the immunity of the principal without consideration of the rights of those who accept his invitation to enter into contract relations with him. That view is comprehensively and accurately stated in Johnston v. Milwaukee and Wyoming Investment Co., 46 Neb., 480. “Where a principal has by his voluntary act placed an agent in such a situation that a- person of ordinary prudence, conversant with business usages, and the nature of the particular business, is justified in assuming that such agent is authorized to perform on behalf of his principal a particular act, such particular act having been performed the principal is estopped as against such innocent third person from denying the agent’s authority to perform it.” It is an obvious limitation upon the liability of the principal that he who deals with the agent must act in good faith, respecting every restriction upon the agent’s authority of which he may have notice. The most careful scrutiny of the record in the present case discovers no suggestion of the want of usual prudence or good faith on the part of the bailor. . The rulings of the trial judge respecting the competency of evidence and instructions to the jury are consistent with these views and the judgment is affirmed.

Affirmed.

Price, Crew, Summers, Spear and Davis, JJ., concur.